[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
The defendants filed a motion for summary judgment and all parties appeared on this date for argument. The parties agree that the motion pertains to the third amended complaint which was filed on September 20, 1995 and which inadvertently included counts previously ordered stricken, counts five and six.
A motion for summary judgment must be granted where "the pleadings, affidavits, and any other proof submitted show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." PracticeBook, #384. Application of the rule "is resolved by applying to the established facts the same criteria as used in determining whether a party would be entitled to a directed verdict on the same facts." United Oil Co. v. Urban Redevelopment Commission,158 Conn. 364, 380 (1969).
The purpose of summary judgment is to resolve "litigation when pleadings, affidavits, and any other proof submitted show that CT Page 1428-X there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Wilsonv. New Haven, 213 Conn. 277, 279 (1989). "A `material fact' is simply a fact which will make a difference in the result of the case." Yanow v. Teal Industries, Inc., 178 Conn. 262, 268
(1979).
The factual allegations of the complaint material to the issues raised in the pleadings do not admit of resolution by way of summary judgment. The allegations, if proved, would establish a course of conduct engaged in by the defendants over a period of time which violated rights that are addressed by statutory and common law. If proved, the allegations establish intentional violations of the plaintiff's rights which a jury might well decide were committed with a reckless disregard or malice.
Accordingly, the motion for summary judgment is denied.
Leander C. Gray, Judge